UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-20768-CIV-MORENO

CARGO AIRPORT SERVICES USA, LLC,

    Plaintiff,

vs.

TRANSCARGA INTERNATIONAL
AIRWAYS, C.A., INC.,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Plaintiff's Motion for Judgment on the Pleadings or, alternatively, for Summary Judgment **(D.E. 19)**, filed on **September 12, 2017** and Defendant's Motion to Strike **(D.E. 21)**, filed on **September 26, 2017**.

THE COURT has considered the motions, the responses in opposition, the replies, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that Defendant's Motion to Strike is DENIED and Plaintiff's Motion for Summary Judgment is GRANTED.

### I.  Background

Plaintiff, Cargo Airport Services USA, LLC, sues Defendant, Transcarga International Airways, C.A., Inc., for breach of contract, or alternatively, unjust enrichment if the Court finds that the Standard and Settlement Agreements are not binding contracts. Plaintiff also includes a declaratory judgment count for the total amount allegedly owed by Defendant. Plaintiff and Defendant entered into a Standard Ground Handling Agreement whereby Plaintiff provided cargo handling services to Defendant. To the extent invoices were not timely paid by Defendant, interest and penalties accrued on the outstanding balance under the terms of the Standard Agreement. On May 12, 2016, Plaintiff's counsel advised Defendant that it was in default of the Standard Agreement in the amount of $267,658.86. Subsequently, the parties entered into a

Settlement Agreement on June 22, 2016, whereby Defendant was required to pay Plaintiff $301,358.00, representing the outstanding invoice balance, in ten bi-monthly payments. The Settlement Agreement also entitles Plaintiff to its costs incurred in filing a lawsuit to enforce the terms of the Settlement Agreement, including attorney's fees and expenses. In the Settlement Agreement, Plaintiff also reserved its right to all penalties, fees and interest due under the Standard Agreement, if Defendant reneged on its promise to pay the installment payments due under the Settlement Agreement. Plaintiff seeks a judgment against Defendant in the amount of $241,086.40.

## II. Legal Standard

Summary judgment is authorized where there is no genuine issue of material fact. Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The non-movant must present more than a scintilla of evidence in support of its position. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). A jury must be able to reasonably find for the non-movant. *Id.* at 254. In deciding a summary judgment motion, the Court must view the facts in the light most favorable to the non-moving party. *Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006).

## III. Analysis

### A. Motion to Strike

Defendant moves to strike the Declaration of Charles Cannon in support of Plaintiff's Motion for Summary Judgment. Any declaration supporting a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters therein." Fed. R. Civ. P. 56(e). Defendant argues that Cannon's declaration should be struck because he (1) fails to show he is competent to testify; (2) fails to demonstrate personal knowledge about the matters asserted in his declaration; and (3) relies on inadmissible hearsay.

2

An affidavit submitted by a corporate representative in support of summary judgment is properly considered when the corporate representative expressly verifies that the matters stated therein are based on his own personal knowledge gained through review of business records. *See Atlantic Marine Fla., LLC v. Evanston Ins. Co.*, No. 08-cv-538-J-20, 2010 WL 1930977 (M.D. Fla. May 13, 2010). In *Atlantic Marine*, the defendant attempted to strike the declaration of a corporate representative because the statements contained inadmissible hearsay and were not based on personal knowledge. 2010 WL 1930977 at *1. The court held that a corporate representative's review of business records established the "personal knowledge" required. *Id.* at *2. In his declaration, Cannon unequivocally states that he is the Director of Finance for Worldwide Flight Services, the successor to Plaintiff and that he has personal knowledge as to the amount Defendant owes Plaintiff because he reviewed the company's financial records. The same issue is presented here. Thus, Cannon's declaration is admissible because it asserts the basis of his personal knowledge, namely that he is the Finance Director for the successor company and he reviewed the financial records.

Next, Defendant contends that Cannon's declaration should be struck because it relies on inadmissible hearsay. Generally, inadmissible hearsay cannot be considered on a motion for summary judgment. *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999) (internal quotations and citations omitted). A district court may consider hearsay statements in passing on a motion for summary judgment if the statement could be "reduced to admissible evidence at trial." *Id.* (citations omitted). Federal Rule of Evidence 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." There are some exceptions to the hearsay rule, such as the business records exception in Rule 803(6). The Court finds that the financial records relied on by Cannon in his affidavit could likely be reduced to admissible evidence at trial in the form of a business record. *See Saunders v. Emory Healthcare, Inc.*, 360 F. App'x 110, 112 (11th Cir. 2010) (affirming denial of motion to strike declaration because the documents attached to the Declaration are either non-hearsay or could be reduced to admissible form). Thus, because the financial records could be reduced to admissible evidence at trial, the declaration should not be struck.

### B. Motion for Summary Judgment

Plaintiff moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(a).

3

A breach of contract action under Florida law[1] requires that Plaintiff prove three elements: (1) existence of a contract; (2) a breach of that contract; and (3) damages resulting from the breach. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006). The parties agree that two contracts existed between them: the Standard Agreement and the Settlement Agreement. As part of the Standard Agreement, Plaintiff provided cargo handling services to Defendant. Thereafter, the parties entered into a Settlement Agreement whereby Defendant was required to pay Plaintiff $301,358.00, representing the outstanding invoice balance from the Standard Agreement. Both agreements were breached as "Defendant does not dispute liability." Def. Response at ¶ 1. Finally, Defendant admits in its Answer that, as a result of its breach, Plaintiff was damaged as it was denied payment for services rendered. Thus, Defendant concedes that the elements for breach of contract are met.

The principal dispute between the parties is the amount of damages. Defendant's position is that Plaintiff is not entitled to summary judgment because the amount of damages is a genuine issue of material fact. Specifically, Defendant argues (1) that the Declaration of Charles Cannon is "fatally defective" because Cannon is an officer of a company that is unrelated to this litigation and Plaintiff has failed to provide evidence of succession between the corporate entities and (2) Cannon relies on inadmissible hearsay evidence in his declaration.

Defendant's attack of Cannon's declaration does not create a genuine dispute of material fact. Cannon is qualified to testify because (1) he states that he is the Director of Finance for Worldwide Flight Services, the successor to Plaintiff; (2) he states that he has personal knowledge as to the amount Defendant owes Plaintiff; and (3) based on his review of the financial records, Defendant is indebted to Plaintiff in the amount of $241,086.40, exclusive of interest, penalties and attorney's fees. Defendant has not offered a scintilla of evidence to rebut the $241,086.40 figure offered by Plaintiff. Defendant's position that the records Cannon relies on are hearsay because they are "prepared by someone else from a company (Cargo Airport Services) that is not his company" is a red herring. Plaintiff provided a Certificate of Merger, from the Secretary of State of Delaware that shows Cargo Airport Services USA LLC was merged into Worldwide Flight Services, Inc. after the commencement of this action. The Certificate of Merger could be reduced to admissible evidence at trial as a public record pursuant

---

[1] The Standard Agreement and the Settlement Agreement direct that they shall be interpreted, construed, and applied in accordance with Florida law.

4

to Federal Rule of Evidence 803(8). *See Mcintyre v. JPMorgan Chase Bank, NA*, No. 1:14-CV-1749-HLM, 2014 WL 12180220, at n. 2 (N.D. Ga. Aug. 7, 2014) (finding that a certificate of merger is a public record); *Harris v. Chase Home Fin., LLC*, No. 4:11-CV-0116-HLM, 2011 WL 13131289, at n. 2 (N.D. Ga. Dec. 21, 2011), *aff'd*, 524 F. App'x 590 (11th Cir. 2013) (same). Furthermore, Defendant's argument regarding Cannon's reliance on inadmissible hearsay evidence is also unpersuasive as described in section A., *supra*.

Assuming *arguendo* that Cannon's declaration is struck, Defendant failed to controvert any of the undisputed material facts set forth in Plaintiff's Motion. Local Rule 56.1(a) requires that "[a] motion for summary judgment and the opposition thereto shall be accompanied by a statement of material facts as to which it is contended that there does not exist a genuine issue to be tried or there does exist a genuine issue to be tried . . ." Local Rule 56.1(b) further states that "[a]ll material facts set forth in the movant's statement filed and supported as required above will be deemed admitted unless controverted by the opposing party's statement, provided that the Court find that the movant's statement is supported by evidence in the record." Plaintiff's material facts are deemed admitted because Defendant failed to refute the seventeen paragraphs of undisputed material facts in Plaintiff's Motion. *See generally Pompano Helicopters, Inc. v. Westwood One, Inc.*, No. 07-61737-CIV, 2009 WL 1515276, at *1 (S.D. Fla. May 29, 2009) (deeming all facts in motion for summary judgment admitted where non-movant did not specifically respond, paragraph by paragraph, with corresponding numbers as required by Local Rule 56). Accordingly, Defendant admits Plaintiff's material facts, including paragraph fifteen that states: "As of the current date set forth below, Defendant is indebted to Plaintiff in the amount of $241,086.40 . . ." Therefore, summary judgment is appropriate.

### IV. Conclusion

Based on the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Strike the Declaration of Charles Cannon Filed in Support of Plaintiff's Motion for Summary Judgment is **DENIED**; and

2. Plaintiff's Motion for Summary Judgment is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th of October 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record